## Order of Solon et al., Appellants, *v.* William H. Gaskill, Receiver.

*Res adjudicata—Former decision of Supreme Court—Dismissal of bill in equity.*

A bill in equity against the receiver of the funds of a corporation which has been dissolved will be dismissed where it appears that the questions sought to be litigated in the bill were raised and decided by the auditor appointed to distribute the funds in the hands of the receiver, and are before the court on exceptions.

Where a decree of ouster against a corporation was entered on the suggestion of the attorney general and the answer of the corporation, and the parties making that answer were adjudged to be the true representatives of the corporation, and other parties intervening and claiming to be such officers were adjudged to have no standing, the judgment is res judicata in another action by such interveners to establish their rights in the corporation.

Argued May 30, 1899. Appeal, No. 15, May T., 1899, by plaintiffs, from decree of C. P. Dauphin Co., No. 242, in equity, dismissing bill in equity. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity against a receiver.

The facts appear by the opinion of SIMONTON, P. J., which was as follows:

The bill in this case sets forth substantially the same matters alleged in the petition presented to this court which appeared in the report of the Commonwealth v. Order of Solon, 166 Pa. 33, namely, that the parties who appeared in that case and consented to entry of a judgment of ouster against the Order of. Solon were not the true representatives and officers of the order, and that, therefore, the judgment of ouster there entered should be opened; that the Order of Solon then was and, the bill alleges, now is doing business by virtue of the authority acquired by the acceptance of the Act of April 6, 1893, P. L. 7, entitled "An act defining fraternal, beneficial and relief societies and their status," etc.; that this petition was presented to procure the opening of the judgment of ouster entered in said case, but that the motion to open was refused by the court, and that judgment of ouster was entered against the Order of Solon on May 25, 1894, and Wm. H. Gaskill was appointed receiver of its funds and property, and thereupon took possession of the same; that the court had no lawful right to appoint a receiver in that case; or to place the funds or property of the Order of Solon in his hands, and that the sum of about $300,000 thus placed in his custody belongs to and is the property of the Order of Solon.

The bill further states that the questions therein set forth have been raised by the plaintiff before the auditors appointed to distribute the funds in the hands of the said receiver, but that they are "now convinced that their equities cannot be determined by said auditors, and have been informed and believe that they have no adequate remedy at law, and, therefore, file this bill;" that they therefore ask the court to decree that the said receiver render a full account of the assets, real and personal, of the Order of Solon and of all money and property of the said order which has come into his hands, and that he be ordered to pay over the same to the proper officers of the Order of Solon.

An answer has been filed by the receiver admitting that the petition was presented as alleged in the bill, but claiming that the judgment entered in the proceedings referred to was legal, and was affirmed by the Supreme Court, as reported in 166 Pa. 60, and averring that the same questions presented by this bill were, as is alleged by the plaintiff, raised and discussed before

the auditors appointed to distribute the funds in the hands of the receiver, and asks, therefore, that the bill be dismissed.

We find from the reports and records of the case above cited that the questions raised by this bill were litigated and decided therein, and that in disposing of the fundamental questions Mr. Justice MITCHELL, speaking for the Court in 166 Pa. 37, said : " The decree was entered on the suggestion of the attorney general and the answer of the order. The parties making that answer had been adjudged to be the true representatives of the order. The interveners had no standing whatever at that time. The right of the members to intervene where their official representatives are acting fraudulently or in excess of their authority is not denied, but any such question is concluded here by the action of the Supreme Lodge in accepting as final the decree of the court of Dauphin county founded on the answer and directing the officers of the order to take no appeal. When, following that action, the Supreme Lodge omitted to elect any new officers, and adjourned sine die, the whole ground of contention came to an end. The corporation had ceased to exist. The meeting of a minority party the next day was without authority, and all its acts were void."

We also find as stated in the bill and in the answer that the questions sought to be litigated in this bill were raised and discussed and decided by the auditors appointed to distribute the fund in the hands of the receiver, and are now before this court on exceptions, and if the plaintiffs have any right in the premises they can and will be determined in that proceeding, and we are further of the opinion that every right claimed in this case by plaintiffs has been already decided against them by the Supreme Court; and it is, therefore, ordered and adjudged that the bill in this case be dismissed at the cost of the complainants.

*Error assigned* was the decree of the court.

*J. C. White*, for appellants.

*L. D. Gilbert* and ——— *Young*, of *Young & Trent*, for appellee.

PER CURIAM, July 19, 1899 :
Our examination of the record before us discloses no error

that would justify a reversal of the decree dismissing the bill, nor is there anything in either of the assignments of error that requires special notice.

The decree is affirmed on the opinion of the court below, and the appeal is dismissed at appellants' costs.